## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

ADRIAN JIM, on Behalf of Himself and on
Behalf of All Others Similarly Situated,

      Plaintiff,

      v.

CORECIVIC OF TENNESSEE, LLC,

      Defendant.

)
)
)
)
)
)
)
)
)
)
)

No. 1:20-cv-00618-SCY-JFR

## DEFENDANT'S ANSWER TO PLAINTIFF'S
## ORIGINAL CLASS ACTION COMPLAINT

Defendant CoreCivic of Tennessee, LLC ("Defendant"), by and through its attorneys, files this Answer to the Original Class Action Complaint ("Complaint") filed by Plaintiff Adrian Jim ("Plaintiff"). Defendant denies each and every allegation in the Complaint not specifically admitted herein (including averments contained in numbered paragraphs and unnumbered section headers) and further responds to the Complaint below:

1. Paragraph 1 consists of a mixed statement of purported legal intent and factual allegations. No response is required to the statement of purported legal intent. Defendant admits that it did not take into account the time spent by Plaintiff undergoing security screening preliminary to his work as a Correctional Officer when determining his compensable hours worked. Defendant denies all remaining allegations contained in Paragraph 1.

2. Paragraph 2 consists of statements of purported of legal intent, to which no response is required. To the extent a response is required, Defendant admits that Plaintiff worked for CoreCivic in New Mexico and that he purports to bring an action under the New Mexico Minimum Wage Act ("NMMWA") and New Mexico common law. Defendant denies all remaining allegations contained in Paragraph 2.

## SUBJECT MATTER JURISDICTION AND VENUE

3.     Paragraph 3 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 3.[1]

4.     Paragraph 4 consists of a mixed statement of purported legal conclusions and factual allegations, to which no response is required. To the extent a response is required, Defendant admits only that it does business and employs workers in New Mexico. Except as expressly admitted, Defendant denies all remaining allegations contained in Paragraph 4.

5.     Paragraph 5 consists of legal conclusions, to which no response is required. To the extent a response is required, Defendant states that this action should have been brought in the United States District Court for the Middle District of Tennessee, where Defendant has its principal place of business and where related litigation is pending at Civil Action 3:20-cv-00418, under the first-to-file rule.

## PARTIES AND PERSONAL JURISDICTION

6.     Answering Paragraph 6, Defendant admits it employed Plaintiff as a Correctional Officer. Defendant lacks knowledge or information sufficient to admit or deny the allegation pertaining to Plaintiff's residence and on that basis denies the allegation.

7.     Paragraph 7 consists of a description or definition of Plaintiff's proposed class, to which no response is required. To the extent a response is required, Defendant specifically denies any claim or implication by Plaintiff that this action is appropriate to be certified or maintained as a class action. Defendant denies all remaining allegations contained in Paragraph 7.

---

[1]     Paragraph 3 of the Complaint violates Fed. R. Civ. P. No. 10(b)'s requirement that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances" because the paragraph contains voluminous legal averments in a single paragraph.

2

8.      Answering Paragraph 8, Defendant admits that CoreCivic of Tennessee, LLC is a limited liability company organized under the laws of Tennessee. Defendant does not dispute service of process and appears before this Court.

## COVERAGE

9.      Answering Paragraph 9, Defendant admits that it previously employed Plaintiff. Defendant denies the remaining allegations contained in Paragraph 9.

10.     Answering Paragraph 10, Defendant admits that it previously employed Plaintiff. Defendant denies the remaining allegations contained in Paragraph 10.

## FACTS

11.     Answering Paragraph 11, Defendant admits it employed Plaintiff at the Northwest New Mexico Correctional Center in Grants, New Mexico. Defendant denies all remaining allegations contained in Paragraph 11.

12.     Answering Paragraph 12, Defendant admits it employed Plaintiff as an hourly, non-exempt Correctional Officer from June 12, 2017 to August 13, 2019.

13.     Defendant denies the allegations contained in Paragraph 13. By way of further response, during his employment as a Correctional Officer, Plaintiff performed a variety of duties to provide for the security, care, and supervision of inmates in a correctional facility.

14.     Defendant denies the allegations contained in Paragraph 14, as stated.

15.     Defendant denies the allegations contained in Paragraph 15. By way of further response, Defendant states that, generally, all individuals who enter its secure facilities must undergo a security screening. Consistent with that requirement, and during his employment as a Correctional Officer, Plaintiff was required to undergo a security screening as an activity preliminary to his work as a Correctional Officer.

16. Answering Paragraph 16, Defendant states that, generally, all individuals who enter its secure facilities must undergo a security screening, which may include removing items from their pockets, removing shoes, belts, and jackets, removing metal objects, and submitting such items, along with bags or other personal items in their possession, for inspection. Consistent with that requirement, and during his employment as a Correctional Officer, Plaintiff was required to undergo a security screening as an activity preliminary to his work as a Correctional Officer. Defendant denies all remaining allegations contained in Paragraph 16.

17. Answering Paragraph 17, Defendant states that, generally, all individuals who enter its secure facilities must undergo a security screening, which may include removing items from their pockets, removing shoes, belts, and jackets, removing metal objects, and submitting such items, along with bags or other personal items in their possession, for inspection. Consistent with that requirement, and during his employment as a Correctional Officer, Plaintiff was required to undergo a security screening as an activity preliminary to his work as a Correctional Officer. Defendant denies all remaining allegations contained in Paragraph 17.

18. Answering Paragraph 18, Defendant states that, generally, all individuals who enter its secure facilities must undergo a security screening, which may include removing items from their pockets, removing shoes, belts, and jackets, removing metal objects, and submitting such items, along with bags or other personal items in their possession, for inspection. Consistent with that requirement, and during his employment as a Correctional Officer, Plaintiff was required to undergo a security screening as an activity preliminary to his work as a Correctional Officer. Defendant denies all remaining allegations contained in Paragraph 18.

19.    Answering Paragraph 19, Defendant admits that it did not take into account the time spent by Plaintiff walking to a time clock when determining his compensable hours worked. Defendant denies all remaining allegations contained in Paragraph 19.

20.    Answering Paragraph 20, Defendant admits that it did not take into account the time spent by Plaintiff undergoing security screening preliminary to his work as a Correctional Officer when determining his compensable hours worked. Defendant denies all remaining allegations contained in Paragraph 20.

21.    Defendant denies the allegations in Paragraph 21.

22.    Answering Paragraph 22, Defendant states that, generally, all individuals who enter its secure facilities must undergo a security screening, which may include removing items from their pockets, removing shoes, belts, and jackets, removing metal objects, and submitting such items, along with bags or other personal items in their possession, for inspection. Consistent with that requirement, and during his employment as a Correctional Officer, Plaintiff was required to undergo a security screening as an activity preliminary to his work as a Correctional Officer. Defendant denies all remaining allegations contained in Paragraph 22.

23.    Defendant denies the allegations in Paragraph 23.

24.    Defendant denies the allegations in Paragraph 24.

25.    Defendant denies the allegations in Paragraph 25.

26.    Defendant denies the allegations in Paragraph 26.

27.    Defendant denies the allegations in Paragraph 27.

28.    Answering Paragraph 28, Defendant admits it employed Plaintiff as an hourly, non-exempt Correctional Officer and denies all remaining allegations contained in Paragraph 28.

29.     Answering Paragraph 29, Defendant admits it employed Plaintiff as an hourly, non-exempt Correctional Officer and denies all remaining allegations contained in Paragraph 29.

30.     Answering Paragraph 30, Defendant states that to the extent Plaintiff worked in excess of forty (40) hours in any workweek, he was properly compensated for their work. Defendant denies all remaining allegations contained in Paragraph 30.

31.     Defendant denies the allegations in Paragraph 31.

32.     Answering Paragraph 32, Defendant admits that it did not take into account the time spent by Plaintiff undergoing security screening preliminary to his work as a Correctional Officer when determining his compensable hours worked. Defendant denies all remaining allegations in Paragraph 32.

33.     Defendant denies the allegations in Paragraph 33.

34.     Defendant denies the allegations in Paragraph 34.

## COUNT ONE: VIOLATION OF THE NEW MEXICO MINIMUM WAGE ACT

35.     Answering Paragraph 35, Defendant realleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

36.     Answering Paragraph 36, Defendant admits that it previously employed Plaintiff. Defendant denies the remaining allegations contained in Paragraph 36.

37.     Paragraph 37 consists of a purported legal conclusion, to which no response is required. To the extent a response is required, Defendant states that the provisions of the NMMWA speak for themselves. Defendant denies all remaining allegations contained in Paragraph 37.

38.     Defendant denies the allegations in Paragraph 38.

39. Paragraph 39 consists of statements of purported of legal intent, to which no response is required. To the extent a response is required, Defendant denies the allegations.

## COUNT TWO: BREACH OF CONTRACT

40. Answering Paragraph 40, Defendant realleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

41. Paragraph 41 consists of statements of purported of legal intent, to which no response is required. To the extent a response is required, Defendant denies the allegations.

42. Defendant denies the allegations in Paragraph 42.

43. Defendant denies the allegations in Paragraph 43.

44. Defendant denies the allegations in Paragraph 44.

45. Defendant denies the allegations in Paragraph 45.

46. Defendant denies the allegations in Paragraph 46.

## COUNT THREE: QUANTUM MERUIT

47. Answering Paragraph 47, Defendant realleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

48. Defendant denies the allegations in Paragraph 48.

49. Defendant denies the allegations in Paragraph 49.

## COUNT FOUR: UNJUST ENRICHMENT

50. Answering Paragraph 50, Defendant realleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

51.     Defendant denies the allegations in Paragraph 51.

52.     Defendant denies the allegations in Paragraph 52.

53.     Defendant denies the allegations in Paragraph 53.

54.     Defendant denies the allegations in Paragraph 54.

## RULE 23 CLASS ACTION ALLEGATIONS

55.     Answering Paragraph 55, Defendant realleges and incorporates by reference each and every response, answer, and averment in the preceding paragraphs, as if fully set forth herein.

56.     Paragraph 56 consists of a description or definition of Plaintiff's proposed class, to which no response is required. To the extent a response is required, Defendant specifically denies any claim or implication by Plaintiff that this action is appropriate to be certified or maintained as a class action. Defendant denies all remaining allegations contained in Paragraph 56.

57.     Answering Paragraph 57, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's belief, and on that basis denies the allegations in Paragraph 57.

58.     Defendant denies the allegations in Paragraph 58.

59.     Answering Paragraph 59, Defendant admits that it has records of the names of Correctional Officers working at in New Mexico and denies any remaining allegations in Paragraph 59.

60.     Defendant denies the allegations in Paragraph 60.

61.     Defendant denies the allegations in Paragraph 61 and each of its subparts.

62.     Defendant denies the allegations in Paragraph 62.

63.     Defendant denies the allegations in Paragraph 63.

64.     Defendant denies the allegations in Paragraph 64.

65.     Defendant denies the allegations in Paragraph 65.

## JURY DEMAND

66.     Responding to the JURY DEMAND that appears in Paragraph 66, Defendant states that this Paragraph contains no allegations to which Defendant must respond. To the extent a response is required, Defendant admits that Plaintiff purports to request a jury trial.

## PRAYER

67.     Responding to the Complaint's PRAYER and each of its subparts appearing in Paragraph 67, Defendant denies that Plaintiff is entitled to any of the relief Plaintiff seeks, or in the manner Plaintiff seeks it, and otherwise denies the allegations in Plaintiff's PRAYER. Defendant reserves the right to seek its fees and costs incurred in defending this action.

## AFFIRMATIVE AND OTHER DEFENSES

Defendant asserts the following affirmative and other defenses to Plaintiff's claims, which also may apply to the claims of the individuals in the putative class Plaintiff seeks to represent. Although Plaintiff is not similarly situated to any other employee of Defendant, for any individual other than Plaintiff who is part of the putative class, Defendant reserves the right to assert any of these or any additional defenses as to each such individual. By asserting these defenses, Defendant does not concede that it has the burden of proof as to any such defense. Defendant also reserves the right to raise any and all other defenses that may become evident during discovery and during any other proceedings in this action.

1.     Plaintiff's Complaint fails to state a claim upon which relief can be granted, in whole or in part.

9

2.      Plaintiff's action should be transferred to the Middle District of Tennessee, Nashville Division, under the first-to-file rule, so that it may be litigated with *Ballard, et al. v. CoreCivic of Tennessee, LLC*, Civil Action No. 3:20-cv-00418 ("Tennessee Case"). The Defendant is the same in the two cases and Plaintiff Jim and the putative class members are encompassed in the putative FLSA collective in the Tennessee Case based on its nationwide coverage. The claims in both actions are based on alleged entitlement to pay for undergoing security screenings.

3.      Plaintiff cannot establish or satisfy the requirements for a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, including, and without limitation, numerosity, commonality, typicality, and adequacy (of both the proposed class representative and proposed class counsel), or the prongs of predominance or superiority, and public policy considerations do not favor such a certification and, therefore, the class action allegations in the Complaint should be stricken and dismissed.

4.      To the extent that the period of time alluded to in the Complaint, or the period of time alleged later in this action, predates the limitations period set forth in N.M. Stat. section 37-1-5 or other limitations periods allowed for bringing a claim under the NMMWA or New Mexico common law, such claims are barred.

5.      To the extent Plaintiff or the individuals in the putative class contend that an unlimited limitations period applies to their claims on a continuing course of conduct theory under N.M. Stat. section 50-4-32, or that they may recover for violations that occurred earlier than the limitations period if the alleged illegal practice was part of a continuing course of conduct, such contention seeks relief that would be impermissibly penal or punitive in nature.

6.      To the extent Plaintiff or the individuals in the putative class asserts a claim to

liquidated or treble damages under the NMMWA, such claim is contrary to the plain language of N.M. Stat. section 50-4-26 on its face or as applied, is impermissibly penal or punitive in nature, such that liquidated or treble damages may only be awarded upon the requisite level of proof.

7.    The claims of Plaintiff and those individuals in the putative class are barred, in whole or in part, as to all hours during which they were engaged in the following activities: (1) walking, or traveling to and from the actual place of performance of the principal activity or activities which Plaintiff and/or those of some or all of the individuals in the putative class were employed to perform; and, (2) activities which were preliminary to or postliminary to those principal activity or activities.

8.    The claims of Plaintiff and those individuals in the putative class are barred, in whole or in part, to the extent any activities they may have performed were (a) not compensable work; or (b) barred by the doctrine of *de minimis non curat lex*.

9.    The security-related activities described by Plaintiff are not integral and indispensable to their principal work activities. Rather, they are preliminary activities.

10.    The security-related activities described by Plaintiff are generally required for everyone entering CoreCivic's Correctional and Detention Centers — regardless of what the individual does at the facility, and including visitors.

11.    In the event any sum may be found due and owing to Plaintiff or the individuals in the putative class, Defendant is entitled to an offset against said sum to the extent paid, tendered, waived, compromised, and released, including but not limited to those amounts paid, tendered, waived, compromised, and released through any other proceeding, either formal or informal, or overpayment of wages paid in some other pay period during the Plaintiff's employment.

12.     Any claim for additional compensation by Plaintiff or those individuals in the putative class must be reduced by compensation already paid to Plaintiff for periods not compensable under the NMMWA or New Mexico common law.

13.     To the extent Plaintiff or the individuals in the putative class might have spent insubstantial or insignificant periods of time working beyond their scheduled working hours, such time may be disregarded to the extent it cannot, as a practical administrative matter, be precisely recorded for payroll purposes.

14.     To the extent Plaintiff or the individuals in the putative class voluntarily came in before their regular starting times or remained after their ending times, they do not have to be paid for such periods to the extent that they did not engage in any work during that time and/or to the extent Defendant did not have actual or constructive knowledge that they engaged in any work during that time.

15.     The Complaint is barred, in whole or in part, by the doctrines of collateral estoppel and/or res judicata to the extent that Plaintiff and some or all of the individuals in the putative class have litigated issues raised by the Complaint prior to adjudication of those issues in the instant action.

16.     The claims of Plaintiff and those individuals in the putative class are barred under the doctrine of accord and satisfaction.

17.     The Complaint cannot proceed as a class action to the extent Plaintiff lacks standing to represent those individuals in the putative class.

18.     Plaintiff and those individuals in the putative class were compensated at all times in accordance with applicable provisions of the NMMWA and New Mexico common law.

19.     The claims of Plaintiff and those individuals in the putative class are barred

12

because the work performed falls within exemptions, exclusions, exceptions, or credits provided for in the NMMWA or New Mexico common law.

20.    The Complaint fails, in whole or in part, because the time spent as alleged by Plaintiff does not constitute "hours worked" under the NMMWA or New Mexico common law.

21.    Plaintiff's claims are barred, in whole or in part, as a result of failure of consideration.

22.    For purposes of preserving the defense pending discovery, if Plaintiff or any of the individuals in the putative class file or have filed for bankruptcy and fail or have failed to disclose with the bankruptcy court either: (1) unpaid wages as an amount owed to them; or (2) employment disputes giving rise to a claim seeking monetary damages, they may be barred from pursuing their wage and/or employment claims under the doctrine of judicial estoppel and for lack of standing.

WHEREFORE, having fully answered the Complaint, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, deny Plaintiff's demands and prayer for relief, award Defendant its costs and reasonable attorneys' fees incurred herein, and grant such other and further relief to which Defendant may be equitably, justly, or legally entitled.

DATED this 6th day of August, 2020.

Respectfully submitted,

/s/ R. Shawn Oller

R. Shawn Oller (N.M. Bar No. 8787)
soller@littler.com
LITTLER MENDELSON, P.C.
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:  602.474.3600
Facsimile:  602.957.1801

Counsel for Defendant
CoreCivic of Tennessee

13

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following if CM/ECF registrants, and emailed a copy of same to any non-registrants this 6th day of August, 2020:

Don J. Foty
Hodges & Foty, L.L.P.
4409 Montrose Blvd., Ste. 200
Houston, TX 77006
dfoty@hftrialfirm.com

Anthony J. Lazzaro
The Lazzarro Law Firm, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
anthony@lazzarolaw.com

Hans A. Nilges
Nilges Draher, LLC
7266 Portage Street, N.W., Ste. D
Massillon, OH 44646
hans@ohlaborlaw.com


*s/ Sara Jurecki*


4839-5074-7074.2 098405.1002