**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **ADRIAN JIM, on Behalf of Himself and on Behalf of All Others Similarly Situated,** | § § § | |
| **Plaintiff,** | § § § | |
| **V.** | § § | **CASE NO. 1:20-cv-00618-DHU-JFR** |
| **CORECIVIC OF TENNESSEE, LLC,** | § § | **JURY TRIAL DEMANDED** |
| **Defendant.** | § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

1.      This case challenges Defendant CoreCivic of Tennessee, LLC's ("Defendant") long standing policy of failing to properly compensate its non-exempt correctional and detention officers for all hours that they work. Specifically, Defendant required Plaintiff Adrian Jim ("Plaintiff") and the putative collective members to undergo security screenings without pay.[1]

2.      Plaintiff worked for Defendant exclusively in New Mexico brings this lawsuit under the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.* ("FLSA") for Defendant's failure to pay Plaintiff and similarly situated individuals all earned overtime wages, and failure to compensate Plaintiffs and other similarly-situated persons for all time worked.

### SUBJECT MATTER JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction in this matter because Plaintiff brings his FLSA overtime claims on his own behalf and on behalf of others similarly situated as a collective action pursuant to 29 U.S.C § 216(b).

---

[1] This Amended Complaint is being filed with Defendant's consent pursuant to Rule 15(a)(2) which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave."

4.      This Court has personal jurisdiction over Defendant because it has purposefully availed itself of the privileges of conducting activities in the state of New Mexico and established minimum contacts sufficient to confer jurisdiction.  Defendant does business in New Mexico, advertises in New Mexico, employs workers in New Mexico, and the violations of the law forming the basis of this lawsuit occurred in New Mexico.  Therefore, the assumption of jurisdiction over Defendant will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.  Defendant also had and continues to have continuous and systematic contacts with the State of New Mexico sufficient to establish general jurisdiction over it.

5.      Venue is proper in this district under 28 U.S.C. § 1391 because a substantial part of the acts or omissions giving rise the claims in this Complaint took place in this district.

**PARTIES AND PERSONAL JURISDICTION**

6.      Plaintiff Adrian Jim is an individual residing in Gallup, New Mexico.  Plaintiff worked for Defendant as a correctional officer during the class period.

7.      Potential Plaintiffs (referred to as "FLSA Class Members") are similarly situated individuals who were employed or are currently employed by Defendant in New Mexico as correctional officers, prison guards, or other similarly titled positions, during the statutory period. FLSA Class Members all shared similar job tasks, job responsibilities, compensation plans, job descriptions, job titles, and were all classified as not exempt from overtime.

8.      Defendant CoreCivic of Tennessee, LLC is a foreign limited liability company organized under the laws of Tennessee.  Said Defendant has been served and has made an appearance in this case.

## COVERAGE

9.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

10.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of §203(s)(1) of the FLSA because Defendant has had and continue to have employees engaged in interstate commerce. 29 U.S.C. § 203(s)(1).

11.     At all material times, Plaintiff and the FLSA Class Members were/are employees engaged in commerce or the production of goods for commerce as required by 29 U.S.C. § 207.

12.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

## FACTS

13.     Defendant is a company that provides private prison services across the U.S. Defendant operates in New Mexico and has employed thousands of correctional officers and detention officers.

14.     Plaintiff worked as an hourly, non-exempt, correctional officer for Defendant in New Mexico until 2019.

15.     The primary job duty of the correctional officers and detention officers, including Plaintiff, was to manage and oversee the inmate population at the prison centers. The correctional and detention officers, including Plaintiff, were responsible for the custody and discipline of inmates and detainees held at correctional and detention centers operated by Defendant. Among other duties, the correctional and detention officers searched for contraband and provided security, count, feed, and supervised detainees and inmates.

16. Given the nature of the business, Defendant's facilities are secured by locked doors and metal detectors.

17. When the correctional and detention officers, including Plaintiff, arrived at the prison centers, they were required to undergo a security screening.

18. During the security screening, the correctional and detention officers, including Plaintiff, emptied their pockets, emptied their bags, removed their shoes, removed their belts, removed their jackets, removed all metal objects, and submitted any personal items in their possession for inspection.

19. They then walked through a metal detector and underwent a further search if any metal objects were detected. After clearing the metal detector, the correctional and detention officers were able to gather their belongings.

20. The correctional and detention officers then put on their shoes, belts, and jackets.

21. After clearing the metal detector, the correctional and detention officers then had to pass through several security doors. This activity occurred prior to the correctional and detention officers, including Plaintiff, "clocking in" for time recording purposes.

22. This security screening time lasted approximately 8.38 minutes per day and went uncompensated by Defendant.

23. However, this time should have been compensated by Defendant.

24. The security screenings were required by Defendant and Plaintiff and the FLSA Class Members were told in advance the time they were required to be at the prison centers.

25. The security screenings were also necessary to the principal work performed by the officers – to provide security in the prisons and to search for contraband. The security screenings

were also undertaken on Defendant's premises, were controlled and required by Defendant, and undertaken primarily for the benefit of Defendant and Defendant's business.

26.    Indeed, Defendant required the correctional and detention officers to undergo this screening for the purposes of overall safety in the prison and to prevent the officers from inadvertently or intentionally bringing contraband into the prison centers.

27.    These security screenings prevented weapons and other contraband from entering the prison, and in doing so, was necessarily tied to the correctional and detention officers' work of providing security and searching for contraband. Thus, the security screening and the work of the correctional and detention officers shared the same purpose. In fact, the screening time was tied to the productive work of supervising and providing security by the officers.

28.    Defendant could not have eliminated the screenings altogether without impairing the officers' ability to complete their work.  If Defendant were to forego the security screening, officers could inadvertently or intentionally bring weapons or other contraband into the prison. The introduction of weapons and other contraband into the prison would most certainly result in a less secure prison and would impair the officers' ability to provide security, supervise the inmates/detainees, and search for contraband.

29.    Additionally, preventing weapons and other contraband from entering the prison was an essential element of the officers' job duties with the ultimate purpose to maintain a secure prison environment.

30.    Plaintiff and the FLSA Class Members were non-exempt employees.

31.    Plaintiff and the FLSA Class Members were paid on an hourly rate basis.

32.    When they worked more than forty hours in a workweek, they were entitled to overtime pay.

5

33.     The pre-shift activities identified above were not incidental activities for the Plaintiff and FLSA Class Members, but instead, this time was integral and indispensable to their principal activity and is compensable.

34.     Although Defendant employed electronic "clocking in" technology, this technology was not made accessible to Plaintiff and the FLSA Class Members before the security screening.

35.     Due to the substantial pre-shift work, Plaintiff and the FLSA Class Members were not paid for all time worked each day and are owed significant unpaid wages.

36.     Defendant's method of paying Plaintiff and the FLSA Class Members in violation of New Mexico law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant knew the requirement to pay for all time worked, but intentionally and/or recklessly chose not to do so.

## COLLECTIVE ACTION ALLEGATIONS

37.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

38.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied proper overtime pay for hours worked over forty (40) hours in a workweek because of Defendant's scheme to force Plaintiff off the clock.

39.     Plaintiff's knowledge is based on his personal work experience and through communications with other workers.

40.     Other workers similarly situated to Plaintiff throughout the United States were also not paid the correct amount of overtime when Defendant's "off the clock" scheme caused them to lose one hour of paid work every day and caused their overtime calculations to drop.

41.     Although Defendant permitted and/or required FLSA potential Plaintiffs to work more than forty (40) hours in a workweek, Defendant denied them full compensation for their hours worked over forty (40) through this improper policy of discounting their time.

42.     Potential Plaintiffs are not exempt from receiving overtime pay under the FLSA.

43.     As such, FLSA potential Plaintiffs are similar to Plaintiff in terms of relevant job duties, pay structure, and the denial of overtime pay.

44.     Defendant's failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of any potential Plaintiff.

45.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of the similarly situated potential Plaintiffs.

46.     The specific job titles or precise job responsibilities of each FLSA potential Plaintiff does not prevent collective treatment.

47.     Although the exact amount of damages may vary among the FLSA Class Members, the damages for the FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

48.     As such, the class of similarly situated Plaintiffs for the FLSA Class is properly defined as follows:

> **All current and former Correctional Officers, and all employees who worked in New Mexico in substantially similar positions, classified as non-exempt during the three-year period before the filing of this Complaint to the present.**

### COUNT ONE: VIOLATION OF 29 U.S.C. § 207

49.     Plaintiff incorporates all allegations contained in the foregoing paragraphs.

7

50.    Defendant's practice of failing to pay Plaintiff time-and-a-half for all hours worked more than forty (40) per workweek violates the FLSA. 29 U.S.C. § 207.

51.    None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant, Plaintiff, or the FLSA potential Plaintiffs (putative Class Members).

## JURY DEMAND

37.    Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

38.    For these reasons, Plaintiff prays for:

a.  A judgment against Defendant awarding Plaintiff and the FLSA Class Members, and New all their unpaid wages, overtime compensation, and liquidated damages;

b.  An order awarding attorneys' fees, costs, and expenses;

c.  Pre- and post-judgment interest at the highest applicable rates; and

d.  Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Don J. Foty*
Don J. Foty
Texas State Bar No. 24050022
HODGES & FOTY, L.L.P.
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116
Email: dfoty@hftrialfirm.com

Hans A. Nilges
Ohio Bar No. 076017
NILGES DRAHER LLC
7034 Braucher St., N.W. Suite B

8

North Canton, OH 44720
Tel: (330) 470-4428
Fax: (330) 754-1430
Email: hans@ohlaborlaw.com

Anthony J. Lazzaro
Ohio Bar No. 0077962
THE LAZZARO LAW FIRM, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone:  216-696-5000
Facsimile:  216-696-7005
Email: anthony@lazzarolaw.com

ATTORNEYS FOR PLAINTIFF AND FLSA
CLASS MEMBERS

## CERTIFICATE OF SERVICE

I hereby certify that on April 29, 2022, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access the filing through the Court's system.

/s/ Don J. Foty
One of the Attorneys for Plaintiff

9